**Garth Edwin STABLEY,**
**Plaintiff-Appellant,**

v.

**BANK OF AMERICA, N.A., a Delaware Corporation; et al., Defendants-Appellees.**

No. 14-16478

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Garth Edwin Stabley, Pro Se

Ariel Edward Stern, Esquire, Attorney, Natalie L. Winslow, Esquire, Attorney, Akerman LLP, Las Vegas, NV, for Defendants-Appellees

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Garth Edwin Stabley appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from the foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6), and we may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Stabley's claims alleging fraud, predatory lending, violations of his civil and constitutional rights, contamination, and illegal securitization, because Stabley failed to plead "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation and internal quotation marks omitted).

The district court properly dismissed Stabley's claim alleging a violation of the Fair Housing Act ("FHA") because Stabley failed to allege facts sufficient to show that he is a member of a protected class under the FHA. *See Intermountain Fair Hous. Council v. Boise Rescue Mission Ministries*, 657 F.3d 988, 994 (9th Cir. 2011) (discussing the FHA's provisions that prohibit discrimination based on race, color, religion, sex, familial status, or national origin).

The district court properly dismissed Stabley's claim alleging a violation of the Real Estate Settlement Procedures Act because Stabley failed to plead actual dam-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ages or a pattern or practice of noncompliance. *See* 12 U.S.C. § 2605(f)(1) (defendant is liable if there are actual damages or a pattern or practice of noncompliance).

Dismissal of Stabley's claim alleging breach of contract was proper because Stabley failed to plead facts sufficient to show a breach by defendants. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (elements of a breach of contract claim under Nevada law).

The district court properly dismissed Stabley's intentional misrepresentation claim because Stabley failed to allege facts with the specificity required by Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (discussing Rule 9(b)'s heightened pleading standard, including that averments of fraud must include "the who, what, when, where, and how of the misconduct charged" (citation and internal quotation marks omitted)).

Dismissal of Stabley's Fair Debt Collection Practices Act ("FDCPA") claim was proper because Stabley failed to allege facts sufficient to show that defendants were considered debt collectors under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of debt collector a creditor collecting debts on its behalf).

The district court properly dismissed Stabley's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Stabley failed to allege facts sufficient to show a predicate act. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (elements of a civil RICO claim).

The district court did not abuse its discretion in denying Stabley's motion for default judgment because default had not been entered and several of the factors for entry of default judgment weighed against Stabley. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

We reject as without merit Stabley's contentions that Chief Judge Navarro and Magistrate Judge Hoffman committed treason in denying default judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (absent unusual circumstances, only the district court record is considered on appeal).

All pending motions (Docket Entry Nos. 17, 22, 23, 25) are denied.

**AFFIRMED.**